UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
**COLONIAL SURETY COMPANY**,
:
Plaintiff,                :
:     **MEMORANDUM DECISION AND**
:     **ORDER**
– against –               :
:     20-CV-1730 (AMD) (AYS)
:
**WILLIAM G PROPHY LLC,** *et al.*,
:
:
Defendants.               :
:
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, Colonial Surety Company ("Colonial"), commenced this action against the

defendants to recover unreimbursed losses and expenses owed to it pursuant to an indemnity

agreement.  (ECF No. 2.)  On April 30, 2021, the plaintiff moved for partial summary judgment

for contractual indemnification in the amount of $485,919.33.  (ECF No. 37.)  The defendants

filed their opposition on June 1, 2021, and cross-moved for limited discovery.  (ECF No. 38.)

For the following reasons, I grant the defendants' motion, and deny the plaintiff's motion

without prejudice to renew.

## BACKGROUND

WGP, a construction contracting business, was required to provide surety bonds in

connection with its construction projects.  The plaintiff, as surety, agreed to issue payment and

performance bonds on behalf of WGP in connection with its construction contracts for certain

public improvement projects.  On March 15, 2016, the plaintiff and the defendants executed a

General Indemnity Agreement, in which the defendants agreed to:

> indemnify and save harmless [the plaintiff] from and against any and all (i) demands,
> liabilities, losses, costs, damages or expenses of whatever nature or kind, including all
> fees of attorneys and all other expenses, including but not limited to costs and fees of

investigation, adjustment of claims, procuring or attempting to procure the discharge of Bonds, enforcement of any Contract with [the defendants], and in attempting to recover losses or expenses from [the defendants], or third parties, whether or not [the plaintiff] shall have paid out any or all of such sums, (ii) amounts sufficient to discharge any claim made against [the plaintiff] on any Bond . . . and (iii) any premiums due on Bonds issued by [the plaintiff] on behalf of [WGP].

(ECF No. 37-2, Plaintiff's Rule 56.1 Statement ("Pl. 56.1"), ¶¶ 1-2; ECF No. 2-1 ("Indemnity Agreement"), § 3.)[1]

The Indemnity Agreement provides that the plaintiff has "the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed," and the "right to incur [] expenses in handling a claim as it deems necessary or advisable, including but not limited to the expense for investigation, accounting, engineering and legal services, and [the plaintiff's] good faith determination as to the necessity or advisability of any such expense shall be final and conclusive upon [the defendants]."  (Indemnity Agreement, §§ 4(A)-(B).)  The defendants' duty to reimburse the plaintiff "for fees and expenses that it incurs shall arise upon the receipt of any claim by [the plaintiff]," and "[i]n any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of [the plaintiff], . . . shall be *prima facie* evidence of the fact and extent of the liability hereunder of [the defendants]."  (Pl. 56.1 ¶¶ 3-4; Indemnity Agreement, §§ 4(D)-(E).)

Following the execution of the Indemnity Agreement, the plaintiff issued performance and payment bonds on behalf of WGP in connection with construction contracts that the Town of East Hampton, New York State Parks and the Town of Southampton awarded to WGP.  (Pl. 56.1

---

[1] William Proefriedt signed the agreement, individually and on behalf of William G Prophy LLC d/b/a WGP Contracting Inc. and 54 Penataquit Ave. LLC, and Shirley Proefriedt signed the agreement as a "Spouse Indemnitor."  (Indemnity Agreement at 3-4.)  Each indemnitor's signature was verified by an "Acknowledgement of Signature by Bank."  (*Id.*)

¶ 5; ECF No. 37-3, "Nunziata Aff.", at 8-22.)  The plaintiff's aggregate exposure as a result of issuing the bonds is more than $2.5 million.  (Pl. 56.1 ¶ 6.)

After issuing the bonds, the plaintiff received claims and made the following payments to resolve them, including consultants' fees and attorneys' fees:

| Payee | Amount ($) |
|---|---|
| Alpi Customs | $3,463.04 |
| Holbrook Plastic Pipe Supply | $14,220.40 |
| J Chioffi Leasing & Trucking | $9,905.00 |
| Lotus Filter Systems | $29,962.50 |
| Loewke & Brill Consulting | $58,210.61 |
| Mediterranean Shipping | $5,450.00 |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | $112,613.96 |
| New York State Parks | $252,093.82 |
| **Total** | **$485,919.33** |

(Pl. 56.1 ¶¶ 7-21; Nunziata Aff. ¶ 26.)

On April 7, 2020, the plaintiff commenced this action against the defendants, alleging, among other things, a claim for contractual indemnification.[2]  (ECF No. 2 ¶¶ 31-34.)  While settlement discussions were ongoing, the parties informed the Court in a November 23, 2020 status letter that "[n]o discovery has been requested by either Plaintiff or Defendants, and no discovery is necessary."  (ECF No. 30.)  On April 30, 2021, the plaintiff moved for partial

---

[2] The plaintiff requested a certificate of default on June 9, 2020, and the Clerk of Court filed an entry of default on June 16, 2020.  (ECF Nos. 21, 22.)  On August 31, 2020, the plaintiff filed a motion for default judgment.  (ECF No. 24.)  Before the Court decided that motion, on September 17, 2020, the defendants filed an answer (ECF No. 25), and shortly thereafter the plaintiff withdrew its default judgment motion.  (ECF No. 26.)

summary judgment on the contractual indemnification claim for unreimbursed losses and expenses in the amount of $485,919.33.  (ECF No. 37-2 at 6.)  The defendants opposed, and cross-moved for "limited discovery relating to the damages sought by Plaintiff."  (ECF Nos. 38, 38-3.)  I construed the defendants' cross-motion as a motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and directed the defendants to submit a supporting affidavit.[3] (January 25, 2022 Scheduling Order.)  The defendants filed an affidavit on February 8, 2022, and the plaintiff responded on February 16, 2022.  (ECF Nos. 40, 41.)

## DISCUSSION

"A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) . . . showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13–14 (2d Cir. 2013) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)) (internal quotation marks omitted).

With respect to the first and second factors, William Proefriedt's affidavit states that the defendants intend to establish through document subpoenas and depositions that the plaintiff "never contacted suppliers nor did it vet any of their claims for recovery," and that it paid claims it should not have paid.  (ECF No. 40, "Proefriedt Aff.", ¶ 20(C).)  For example, according to the defendants, the plaintiff paid Alpi Customs even though Alpi did not have a contract with the defendants, and the plaintiff paid Holbrook Pipe "twice for the same work."  (*Id.* ¶¶ 20(E)-(F).)

---

[3] Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion [for summary judgment] or deny it."

The plaintiff responds that the facts the defendants seek to establish "could not be reasonably expected to create a genuine issue of material fact given the governing language of the Indemnity Agreement . . . unless the defendants show evidence of bad faith or fraud."  (ECF No. 41 at 2.)

While "New York courts routinely reject failure-to-investigate challenges to the enforcement of indemnification agreements," *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2017 WL 1194730, at *17 (E.D.N.Y. Mar. 30, 2017) (collecting cases), *aff'd*, 910 F.3d 705 (2d Cir. 2018), those cases typically involve "a surety's failure to investigate the claim *fully* or pursue a viable defense."  *Hanover Ins. Co. v. D'Angelo*, No. 13-CV-4301, 2016 WL 4402251, at *7 (E.D.N.Y. July 18, 2016) (emphasis added), *report and recommendation adopted*, 2016 WL 4402018 (E.D.N.Y. Aug. 17, 2016).  The defendants say that the plaintiff did not investigate the claims at all, including a claim by an entity that did not have a contract with the defendants, which suggests the plaintiff acted in bad faith.  *See St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*, 160 F.R.D. 464, 466 (S.D.N.Y. 1995) ("Plaintiff blindly paid on bonds without investigating . . . claims and, therefore, did not act reasonably and in good faith."); *see also Arch Ins. Co. v. Centerplan Constr. Co., LLC*, 368 F. Supp. 3d 350, 375 (D. Conn. 2019), *aff'd*, 855 F. App'x 11 (2d Cir. 2021) ("A surety is under an obligation to conduct a proper investigation and a deficient investigation, along with other evidence of improper motive, may evidence a surety's bad faith.").  Accordingly, the facts the defendants seek to establish can be reasonably expected to create a genuine issue of material fact.

As for the third and fourth factors, Mr. Proefriedt explains that his previous counsel "inexplicably reported to the Court in a joint letter dated November 23, 2021, which was authored by Plaintiff's counsel[,] that 'discovery is not necessary,'" which he was "unaware of until [he] retained [his] current counsel."  (Proefriedt Aff. ¶¶ 7-8.)  The plaintiff argues that the

defendants' counsel "expressly waived the need for discovery," and the defendants are bound by their counsel's "tactical discovery decisions."  (ECF No. 41 at 3); *see Guity v. Uniondale Union Free Sch. Dist.*, No. 12-CV-1482, 2014 WL 795576, at \*5 (E.D.N.Y. Feb. 27, 2014) ("[A]s a general rule, because the attorney is the litigant's agent, the attorney's acts (or failures to act) within the scope of the representation are treated as those of his client." (internal quotation marks, alternations and citation omitted)).

    "A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need."  *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 928 (2d Cir. 1985).  The procedural background of this case is somewhat unusual.  Though the plaintiff commenced the action in April 2020, the defendants did not appear in the action until September 2020.[4]  After an October 22, 2020 conference with the parties, Magistrate Judge Anne Y. Shields stayed all discovery for 30 days to allow the parties to pursue a settlement.  (October 22, 2020 Scheduling Order.)  At the conclusion of that period, the parties informed the Court in a joint status letter that "[n]o discovery has been requested by either Plaintiff or Defendants, and no discovery is necessary," and requested a briefing schedule for the plaintiff's anticipated motion for summary judgment.  (ECF No. 30.)  Accordingly, no discovery schedule was ever set.  On March 1, 2021, the defendants' current counsel filed a notice of appearance, when "[the plaintiff] had already served its Rule 56.1 Statement and the deadline to respond to it had expired."  (ECF No. 40 ¶ 9.)  At a March 31, 2021 pre-motion conference, I set a briefing schedule.  (March 31, 2021 Minute Entry.)  The plaintiff filed its

---

[4] The defendants explained that "[a]ny delay in responding to plaintiff's Complaint was caused by the lockdown in New York State caused by the global pandemic of COVID-19."  (ECF No. 25 ¶ 2.)

motion for summary judgment on April 30, 2021 (ECF No. 37), and the defendants opposed summary judgment and cross-moved for limited discovery on June 1, 2021.  (ECF No. 38.)

While the defendants are bound by their prior counsel's actions, I accept Mr. Proefriedt's representation that he did not know until he retained his current counsel in March 2021 that his first lawyer waived discovery.  Moreover, there has been no discovery at all in this case, which significantly undermines the defendants' ability to oppose summary judgment.[5]  *Cf. Back9 Network, Inc. v. Altounian*, No. 12-CV-582, 2013 WL 3357715, at *2 (D. Conn. July 3, 2013) (finding that there was no strong showing of need where the plaintiff, who sought Rule 56(d) discovery, "appear[ed] to already be in possession of evidence [in the record] which raises a genuine issue of material fact"); *see also Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (recognizing that, where a party moved for summary judgment prior to discovery, "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment" (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)) (internal quotation marks omitted)).  And, as explained above, the defendants have shown that the discovery they seek could create a genuine issue of material fact.  Given the totality of the circumstances, I find that the defendants have established a strong showing of need.  Accordingly, I grant the defendants' motion for limited discovery.

---

[5] The plaintiff argues that Mr. Proefriedt "concedes [to] having 'first-hand knowledge' of Plaintiff's alleged failure to comply with the terms of the agreement, which suggests that additional discovery is unwarranted on its face."  (ECF No. 41 at 1 (quoting Proefriedt Aff. ¶ 14).)  However, Mr. Proefriedt's knowledge may not, on its own, be sufficient evidence to create a genuine issue of material fact.

## CONCLUSION

For these reasons, the defendants' Rule 56(d) motion for limited discovery is granted. The plaintiff's motion for summary judgment is denied without prejudice to renew following the completion of limited discovery.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        March 22, 2022