UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**COLONIAL SURETY COMPANY**,
:
                          Plaintiff,
:    **MEMORANDUM DECISION AND ORDER**
– against –
:
    2:20-CV-1730 (AMD) (AYS)
:
**WILLIAM G. PROPHY LLC** d/b/a **WGP CONTRACTING INC.**, **WGP CONTRACTING INC.**, **54 PENATAQUIT AVENUE LLC**, **WILLIAM PROEFRIEDT** and **SHIRLEY PROEFRIEDT**,
:

:

                          Defendants.
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Colonial Surety Company ("Colonial") sued the defendants to recover expenses owed to it pursuant to an indemnity agreement. (ECF No. 2.) Before the Court are Colonial's motion for summary judgment against William and Shirley Proefriedt (the "individual defendants"), and Colonial's motion for default judgment against William G. Prophy LLC d/b/a WGP Contracting Inc., WGP Contracting Inc., and 54 Penataquit Avenue LLC (the "corporate defendants"). For the following reasons, both motions are granted.

## BACKGROUND

      WGP, a construction contracting business, was required to provide surety bonds in connection with its construction projects. Colonial agreed to issue payment and performance bonds as surety on behalf of WGP in connection with its construction contracts for certain public improvement projects. On March 15, 2016, the plaintiff and the defendants executed a General Indemnity Agreement, in which the defendants agreed to:

> indemnify and save harmless [Colonial] from and against any and all (i) demands, liabilities, losses, costs, damages or expenses of

> whatever nature or kind, including all fees of attorneys and all other expenses, including but not limited to costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of Bonds, enforcement of any Contract with [the defendants], and in attempting to recover losses or expenses from [the defendants], or third parties, whether or not [the plaintiff] shall have paid out any or all of such sums, (ii) amounts sufficient to discharge any claim made against [the plaintiff] on any Bond . . . and (iii) any premiums due on Bonds issued by [the plaintiff] on behalf of [WGP].

(ECF No. 67-3, Plaintiff's Rule 56.1 Statement ("Pl. 56.1"), ¶ 2; ECF No. 2-1 ("Indemnity Agreement"), § 3.)[1]

The Indemnity Agreement provides that Colonial has "the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed," and the "right to incur [] expenses in handling a claim as it deems necessary or advisable, including but not limited to the expense for investigation, accounting, engineering and legal services, and [Colonial's] good faith determination as to the necessity or advisability of any such expense shall be final and conclusive upon [the defendants]." (Indemnity Agreement, §§ 4(A)–(B).)  The defendants' duty to reimburse the plaintiff "for fees and expenses that it incurs shall arise upon the receipt of any claim by Colonial," and "[i]n any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of [Colonial], . . . shall be *prima facie* evidence of the fact and extent of the liability hereunder of [the defendants]." (Pl. 56.1 ¶ 3; Indemnity Agreement, §§ 4(D)–(E).)

Following the execution of the Indemnity Agreement, Colonial issued performance and payment bonds on behalf of WGP in connection with construction contracts that the Town of

---

[1] William Proefriedt signed the agreement, individually and on behalf of William G Prophy LLC d/b/a WGP Contracting Inc. and 54 Penataquit Ave. LLC, and Shirley Proefriedt signed the agreement as a "Spouse Indemnitor." (Indemnity Agreement at 3–4.)  Each indemnitor's signature was verified by an "Acknowledgement of Signature by Bank." (*Id.*)

2

East Hampton, New York State Parks and the Town of Southampton awarded to WGP. (Pl. 56.1 ¶ 4.) For the New York State Parks contract, WGP was tasked with installing an Ecological Wastewater Treatment System. (ECF No. 69-1, Declaration of Michael Vogt, ¶ 4.) However, New York State Parks terminated WGP's rights to complete its contract on August 28, 2018, citing concerns "regarding lack of project schedule adherence and performance." (Pl. 56.1 ¶ 7; ECF No. 67-1, Affidavit of Wayne Nunziata, ¶ 13; ECF No. 69-9.) Pursuant to its surety bond, Colonial assumed responsibility for the New York State Parks contract. Colonial has submitted the following itemized statements of costs in connection with that contract:

| Payee | Amount ($) |
|---|---|
| Alpi Customs | $ 3,463.04 |
| Holbrook Plastic Pipe Supply | $ 14,220.40 |
| J Chioffi Leasing & Trucking | $ 9,905.00 |
| Lotus Filter Systems | $ 29,962.50 |
| Loewke & Brill Consulting | $ 58,210.61 |
| Mediterranean Shipping | $ 5,450.00 |
| B+R Cast Iron Products | $ 22,100.00 |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | $ 158,062.82 |
| NYS Dept of Parks and Rec | $ 252,093.82 |
| **Total:** | **$ 553,468.19** |

(Pl. 56.1 ¶¶ 8–22; ECF No. 67-1 ¶ 28.)

On April 7, 2020, Colonial filed a complaint alleging, among other things, a claim for contractual indemnification. (ECF No. 2 ¶¶ 31-34.) When the defendants did not appear, Colonial requested a certificate of default on June 9, 2020, and the Clerk of Court filed an entry of default on June 16, 2020. (ECF Nos. 21, 22.) On August 31, 2020, Colonial filed a motion for default judgment. (ECF No. 24.) Before the Court decided that motion, the defendants filed

3

an answer (ECF No. 25); Colonial withdrew its default judgment motion shortly thereafter. (ECF No. 26.)

On November 23, 2020, counsel for both parties filed a joint status report representing that "[n]o discovery has been requested by either Plaintiff or Defendants, and no discovery is necessary." (ECF No. 30). On April 30, 2021, Colonial moved for partial summary judgment, seeking \$485,919.33 in damages for unreimbursed losses and expenses.[2] (ECF No. 37-2 at 6.) The individual defendants retained new counsel, (ECF No. 33), who then cross-moved for "limited discovery on the issue of damages" (ECF Nos. 38, 38-3), arguing that they "should be afforded the opportunity to obtain documentation . . . that support the amounts sought by [Colonial]" (ECF No. 38 at 3).

On March 23, 2022, the Court denied Colonial's motion without prejudice to renew, granted the defendants' cross-motion (ECF No. 42), and directed that "[a]ll fact discovery, including the deposition of Mike Vogt [Executive VP, Loewke Brill Consulting Group, Inc.], shall be completed by May 31, 2022." (*ECF Order dated April 12, 2022*.) The defendants received multiple discovery extensions before serving fourteen document requests on April 12, 2022; in response, Colonial produced "all of [its] supporting documents, proof of payments, checks, and requisite back-up in full support of Colonial's damages." (ECF No. 67-2 ¶ 26, and Ex. 1 thereto.) The defendants did not request additional discovery. (*Id*. ¶ 27; ECF No. 67-4 at 8.)

On January 9, 2023, the individual defendants' counsel filed a motion to withdraw (ECF Nos. 53, 54), which the Court granted on January 25, 2023 (*ECF Order dated January 25, 2023*). The individual defendants elected to proceed *pro se* (ECF Nos. 60, 61). The Court advised the

---

[2] This figure reflects the costs as of April 30, 2021. The amount Colonial currently requests reflects additional attorneys' fees accrued to date.

4

defendants that "the corporate defendants are not permitted to represent themselves," and that they must retain counsel or face possible default judgment. (*ECF Order dated February 9, 2023*.) On March 23, 2023, the Court issued another scheduling order with the same warning.[3] (*ECF Order dated April 27, 2023*.) To date, the corporate defendants remain unrepresented. The Court, *sua sponte*, entered default against the corporate defendants on October 3, 2023. (*ECF Orders dated October 3* and *October 4, 2023*.)

Colonial renewed its motion for summary judgment against the individual defendants on August 1, 2023, and filed a simultaneous motion for default judgment against the corporate defendants. (ECF No. 67.)

Defendant William Proefriedt filed an "affidavit in opposition" on August 9, 2023 (ECF No. 68), in which he disputes several factual assertions in Colonial's motion. (*Id*. at 2.) He says that Colonial included expenses "for work not in contract" (*id*.), which are "excessive . . . and should not be included as extra charges" (*id*. at 3). He identifies certain expenses and either challenges them as outside of the WGP contract or claims that they "should be deducted, because [he] paid" the expenses after Colonial filed its claim. In support of these arguments, Proefriedt submits emails, invoices and photographs as exhibits; however, it is not clear how these exhibits support the factual assertions in Proefriedt's motion. Proefriedt makes similarly unsupported assertions that Colonial caused "irreparable damages to WGP" and Colonial's "interference" was

---

[3] "The individual Defendants have indicated their intention to proceed pro se in this action. However, as the Court previously advised, while the individual defendants may elect to proceed pro se, the corporate defendants are not permitted to represent themselves. The corporate defendants were instructed to obtain new counsel to represent them in this action and were advised that failure to do so may result in the imposition of a default judgment against them. To date, new counsel has not appeared on behalf of the corporate defendants. Accordingly, Plaintiff is permitted to take any actions it deems appropriate with respect to the corporate defendants." (*ECF Order dated April 27, 2023*.)

5

"guided by Wayne Nunziata," which caused "[him] and [his] family and [his] business pain and suffering." (*Id*. at 4.)

Colonial replies that the defendants do not raise a genuine issue of material fact regarding the amounts due to Colonial, or that Colonial has acted in bad faith. Thus, according to Colonial, there is no dispute that Colonial assumed responsibility for the New York State Parks contract as a result of the defendants' default, or that Colonial's itemized statement of expenses and losses constitutes "*prima facie* evidence" of the defendants' liability. (*See generally* ECF No. 69.)

## DISCUSSION

Colonial moves for summary judgment against the individual defendants, and default judgment against the corporate defendants. A surety is entitled to reimbursement for its actual losses and expenses absent a showing by its indemnitors of bad faith, or that the amount due is unreasonable. *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2017 WL 1194730, at *12 (E.D.N.Y. Mar. 30, 2017), *aff'd*, 910 F.3d 705 (2d Cir. 2018)). The individual defendants have not put forth evidence from which a jury could find that Colonial acted in bad faith or that its costs and fees are unreasonable. The corporate defendants have not appeared. Accordingly, all defendants are liable to Colonial in the amount discussed below.

**I.**     **Summary Judgment as to the Individual Defendants**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id*. (quoting

6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether summary judgment is appropriate, [the Court] must resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways. Fed. R. Civ. P. 56(c)(1). It may cite to portions of the record, "including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials." *Id*. Alternatively, it may "show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id*.

"[A] motion for summary judgment may be granted in a contract dispute only when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008) (interpreting New York law).[4] "Ambiguity here is defined in terms of whether a

---

[4] Colonial is incorporated in Pennsylvania and has its principal place of business in New Jersey but does not dispute that New York law applies. (*See generally* ECF No. 67.) As a result, and in the absence of any public policy to the contrary, the Court applies New York law. *Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) ("[I]n the absence of a strong countervailing public policy, the parties to litigation may consent by their conduct to the law to be applied."); *see e.g.*, *Blodgett v. Siemens Indus., Inc.*, No. 13-CV-3194, 2018 WL 385477, at *5 (E.D.N.Y. Jan. 11, 2018) ("Plaintiffs' . . . citation solely to New York law in support of their . . . claims in their prior submissions is deemed by this Court to constitute an implied consent to use New York law, which settles the choice of law issue in favor of the application of New York law."); *Travelers Indem. Co. v. Harrison Constr. Grp. Corp.*, No. 06-CV-4011, 2008 WL 4725970, at *3 n.5 (E.D.N.Y. Oct. 22, 2008) (applying New York law where both parties "almost exclusively" relied on New York law in their briefs, the parties resided or were incorporated in New York, and the indemnification agreement was executed in New York).

reasonably intelligent person viewing the contract objectively could interpret the language in more than one way." *Id*.

In this case, the language of the indemnity agreement is unambiguous and can be interpreted as a matter of law. *Reid v. Telentos Constr. Corp.*, No. 15-CV-2358, 2020 WL 6152494, at *5 (E.D.N.Y. Oct. 20, 2020). The agreement imposes a duty on the defendants to indemnify Colonial for "costs, damages or expenses" of any kind that it incurs in connection with the surety bonds. (Pl. 56.1 ¶ 2.) Colonial also has the sole discretion to determine which claims to pay, and its "good faith determination" is final. (Indemnity Agreement, §§ 4(A)–(B).) Further, an itemized statement of fees and expenses, sworn to by an officer at Colonial, constitutes *prima facie* evidence of the defendant's liability. (*Id*. §§ 4(D)–(E).)

When New York State Parks terminated WGP, it and multiple other vendors filed claims with Colonial. Colonial investigated each claim and "made a good faith determination" of which claims to pay—at its own expense—as was its obligation under the surety bond. (*Id*. §§ 4(A)–(B).) Colonial has now submitted a sworn, itemized statement detailing all fees and expenses associated with the New York State Parks contract and this litigation. Such "*prima facie*" clauses are routinely enforced by New York courts. *See Lee v. T.F. DeMilo Corp.*, 29 A.D.3d 867, 868, (2nd Dept. 2006); *Utica Mut. Ins. Co. v. Magwood Enterprises, Inc.*, 15 A.D.3d 471, 472 (2nd Dept. 2005); *Reid*, 2020 WL 6152494, at *7.

The individual defendants' arguments in opposition are either conclusory or wholly unsupported by the record. (*See* ECF No. 68.) For example, the defendants assert that Colonial included expenses "for work not in contract" (*id*.), which are "excessive . . . and should not be included as extra charges," (*id*. at 3), but do not cite any examples. They also challenge certain expenses as outside of the WGP contract, or claim—without support—that the expenses "should

8

be deducted," because William Proefriedt made some payments after Colonial filed its claim. The defendants make similarly unsupported assertions that Colonial caused "irreparable damages to WGP" and Colonial's "interference" was "guided by Wayne Nunziata," which caused "[him] and [his] family and [his] business pain and suffering." (*id*. at 4). Nothing in the defendants' response refutes Colonial's allegations or shows that Colonial acted unreasonably or in bad faith. Accordingly, summary judgment is warranted against the individual defendants.

## II.     Default Judgment as to the Corporate Defendants

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A corporate defendant's failure to comply with a court's order that the defendant obtain counsel constitutes failure to 'otherwise defend' for the purpose of Rule 55(a) such that an entry of default is justified." *Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, No. 13-CV-01629, 2013 WL 4780045, at *2 (S.D.N.Y. July 8, 2013) (citing *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006), *cert. denied*, 549 U.S. 1114 (2007)); *see, e.g.*, *Glob. Auto, Inc. v. Hitrinov*, No. 13-CV-2479, 2015 WL 5793383, at *7 (E.D.N.Y. Sept. 30, 2015), *reconsideration denied*, 2015 WL 7430001 (E.D.N.Y. Nov. 19, 2015) ("Since a corporation's failure to retain counsel results in a failure to 'otherwise defend,' it is appropriate to enter a default against a corporation which has failed to comply with a court order to retain counsel."). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b).

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *See* Fed. R. Civ. P. 8(b)(6); *see,*

9

*e.g.*, *Gesualdi v. Specialty Flooring Systems, Inc.*, No. 11-CV-5937, 2014 WL 2208195, at *2 (E.D.N.Y. May 28, 2014); *Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.I. U.I. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)); *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 112 (E.D.N.Y. 2011). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Circuito Cerrado*, 804 F. Supp. 2d at 112; *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)).

The Court considers the following factors: (1) "whether the defendant's default was willful;" (2) "whether defendant has a meritorious defense to plaintiff's claims;" and (3) "the level of prejudice the nondefaulting party would suffer as a result of the denial of the motion for default judgment." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-CV-2067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006). The decision to grant a motion for default judgment is left to the sound discretion of the court. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) ("Rule 55(b) commits this decision to the sound discretion of the district court." (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009))).

While a party's default is deemed to constitute concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound*, 973 F.2d at 158. Therefore, once a party's default is established, damages must still be proven. *Gutman v. Klein*,

10

No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D. N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974))). To prevail on a claim for damages, the plaintiff must provide adequate support for the relief sought. *See Gutman*, 2010 WL 4975593, at *1 (noting burden is on plaintiff to establish entitlement to damages recovery (citing *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009))); *Greyhound*, 973 F.2d at 158.

    a.    *Willfulness*

Courts will find willfulness "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In general, a "willful and deliberate disregard for [court] orders . . . militates in favor of default judgment." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123–24 (E.D.N.Y. 2011); *see also H. Daya Intern. Co.*, 2012 WL 2524729, at *4 ("Continued noncompliance with a court order suggests willfulness."). This includes where, as here, a corporation does not comply with a court order to obtain counsel. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d, 1305, 1310 (2d Cir. 1991) (finding partnership's willful and "cavalier disregard" for court order to obtain counsel constituted failure under Rule 55(a) to "otherwise defend"); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d. Cir. 2001) (upholding default judgment where individual and corporate defendants did not obtain counsel in the time frame ordered by the court); *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (finding that there was "no question" that default was properly entered where corporate defendant failed to comply with court's order to obtain new counsel); *S & S Machinery Corp. v. Wuhan Heavy Duty*

*Mach. Tool Group Co., Ltd.*, No. 07-CV-4909, 2012 WL 958527, at *3 (E.D.N.Y. Mar. 21, 2012) (noting that where a court has ordered a corporate entity to appear through counsel, it is appropriate to enter a default judgment when the entity willfully disregards the court order); *H. Daya Intern. Co.*, 2012 WL 2524729, at *4 (finding default willful where limited liability corporations failed to retain new counsel despite "requirements of the law" and court order); *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-CV-3956, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) ("The presence of a disregarded Order is determinative in granting default judgment against a corporate entity that fails to retain counsel."), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).

The corporate defendants initially retained counsel and filed an answer—which was untimely—on September 17, 2020. (ECF No. 25.) The defendants retained new counsel on March 1, 2021 (ECF No. 33); however, on December 22, 2022, counsel asked to be relieved from representation (ECF No. 53). After that, the corporate defendants never appeared with new counsel. They ignored the Court's warnings that the corporate defendants could not proceed *pro se*, and that the Court would grant an application for default judgment if the corporate defendants did not retain counsel. (*ECF Orders dated February 9, March 23, and October 3, 2023*.) Further, the corporate defendants have not opposed Colonial's motion for default judgment, despite having been served with a copy of the motion. (ECF No. 67.) Under these circumstances, the corporate defendants' conduct is indisputably willful. *See, e.g.*, *Eagle Assocs.*, 926 F.2d at 1310; *Powerserve*, 239 F.3d at 514; *Dow Chemical*, 782 F.2d at 336.

    b.    *Meritorious Defense*

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co., Ltd.*, 92 F.3d 57, 61 (2d Cir.

1996) (quotations omitted). However, a defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (citations and internal quotation marks omitted). Evidence beyond mere "conclusory denials" is required. *Enron Oil Corp.*, 10 F.3d at 98.

Although the corporate defendants filed an answer in this case, the answer contains only general denials and affirmative defenses; this is inadequate to establish a meritorious defense for purpose of a default judgment analysis. *See Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. 10-CV-5270, 2013 WL 1335997, at *6 (E.D.N.Y. Feb. 28, 2013), *report and recommendation adopted*, 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013); *see also Lazic v. Dorian Owners, Inc.*, No. 10-CV-1824, 2011 WL 319879, at *1–2 (E.D.N.Y. Jan. 29, 2011) (denying the defendants' motion to vacate default judgment in part because answer to complaint included only general denials and affirmative defenses, which merely contradicted the allegations without proving any facts that would constitute a complete defense). The record contains no evidence that Colonial acted unreasonably or in bad faith. Accordingly, this factor also weighs in favor of Colonial.

    **c.**    *Prejudice*

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default judgment were to be denied. Here, denying the motion for default judgment against the corporate defendants would be prejudicial to Colonial "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders*, 2003 WL 1960584, at *3). Without the entry of a default judgment, Colonial would be unable to recover for the claims adequately set forth in the complaint.

Under these circumstances, default judgment against the corporate defendants is warranted.

**III.     Damages**

Colonial seeks to hold the defendants jointly and severally liable for $553,468.19 in expenses and losses associated with the surety bonds, including consultant and attorneys' fees. ((Pl. 56.1 ¶¶ 8–22; ECF No. 67-1 ¶ 28.). As proof of damages, Colonial submits (i) an itemized summary of all claims and fees, (ii) copies of all claims received by Colonial, (iii) proof of payments made by Colonial to the New York State Park vendors; and (iv) a sampling of the Loewke Brill Day Log, which reflects Loewke & Brill Executive Vice-President Michael Vogt's daily hours worked, along with a brief narrative of daily tasks.  (ECF No. 67; ECF No. 69, including exhibits.)

The Court has reviewed this documentation and finds that it adequately supports Colonial's claims for all losses in connection with Alpi Customs, Holbrook Plastic Pipe Supply, J Chioffi Leasing & Trucking, Mediterranean Shipping, B+R Cast Iron Products, the New York State Department of Parks and Recreation, and Loewke & Brill.

As for Lotus Filters Systems S.L, the commercial invoice and proof of payment Colonial submitted shows a total of $29,237.50.  (ECF No. 69-9.)  Colonial represents that it is owed $29,962.50 but does not explain this $725 discrepancy.

Colonial additionally seeks $158,062.82 in attorneys' fees paid to McElroy, Deutsch, Mulvaney & Carpenter, LLP.  "With respect to attorneys' fees, 'the general rule is that attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule.'"  *Liberty Mut. Ins.*, 2011 WL 5008303, at *3 (quoting *Travelers Cas. & Sur. Co. v. Dale*, 542 F. Supp. 2d 260,

14

264 (S.D.N.Y. 2008) (internal quotation marks omitted)); *see U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) ("Under the American Rule . . . parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." (internal quotation marks and citation omitted)).  Under New York law, the meaning of an attorneys' fees provision must be "unmistakably clear from the language of the contract." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (internal citations omitted).

  Here, the language is unmistakably clear: the defendants agreed to indemnify Colonial for its "expenses, premiums and attorneys' fees hereunder, irrespective of whether any Bond loss payment has been made by Surety."  (ECF No. 67-1.)  The agreement further provides that "[Colonial] may recover from [the defendants] . . . expenses and attorneys' fees Incurred in prosecuting or defendant any action arising out of or relating to this Agreement or other Contract with [Colonial]."  (*Id.*)  The indemnity agreement, therefore, entitles Colonial to recover attorneys' fees.

  However, to recover such fees as damages, Colonial "must demonstrate the reasonableness and necessity of hours spent and rates charged."  *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008).  A party seeking an award bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done."  *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal citations, quotation marks, and alteration omitted); *see Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) ("all applications for

15

attorney's fees [are to] be supported by contemporaneous records" (internal citations omitted)). This rule applies even where, as here, the indemnity agreement provides that proofs of claim constitute *prima facie* evidence of the fact and amount of the defendants' liability to Colonial. *See Liberty Mut. Ins.*, 2011 WL 5008303, at *3 (declining to award attorneys' fees in spite of the vouchers provision in indemnity agreement where the surety's "submission does not include an affirmation from any attorney or legal personnel regarding the services rendered, his or her background and experience and the customary fees and/or hourly rate charged for similar legal services."); *see also Lumbermens Mut. Cas. Ins. Co. v. Darel Group U.S.A. Inc.*, 253 F. Supp. 2d 578, 587 (noting vouchers provision in indemnity agreement and finding that the surety was entitled to recover attorneys' fees under that agreement, but requiring the surety to file "an accounting of all attorneys' fees claimed" before entering judgment on the amount of attorneys' fees); *accord Centennial Ins. Co. v. 4-A Gen. Contracting Corp.*, 13 Misc. 3d 1217(A) at *6–*7 (Kings Cnty. Sup. Ct. 2006) ("Any claim for reimbursement of attorney's fees must . . . be supported by an affidavit of counsel as to the reasonable value thereof. Although it is true that the [Indemnity] Agreement provides that vouchers constitute *prima facie* evidence of the fact and amount of the liability of the Undersigned to the Surety, mere submission of copies of the front and backs of checks fails to demonstrate that these fees were reasonable and incurred in good faith.").

Colonial has not provided evidence of attorney fees, time records, or payments. Accordingly, Colonial is directed to submit further documentation to justify its application for attorneys' fees, and to explain the $725 discrepancy between the amount it claims and the amount reflected on the Lotus Filtering Systems invoice.

## CONCLUSION

For these reasons, Colonial's motion for summary judgment against the individual defendants is granted, and its motion for default judgment against the corporate defendants is granted. Consistent with this opinion and the Court's scheduling order accompanying this Memorandum Order and Opinion, Colonial is directed to submit further documentation to support its claim for damages.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       November 7, 2023